Sucn. de Francisco María Franceschi, compuesta de José
María y Juan Franceschi y Cervoni; Domingo, Salvador
y Estrella Margarita Leandri Agostini; Angel y Blanca
Massari y Franceschi y el Administrador Judicial de
dicha Sucesión, Don Pablo Vecchini, demandante y ape-
lante, *v.* Hon. Manuel V. Domenech, en su carácter de
Tesorero de Puerto Rico, demandado y apelado.

No. 6636.—*Sometido:* Mayo 24, 1934. *Resuelto:* Septiembre 29, 1934.

*Henry G. Molina* y *M. León Porra*, abogados de los apelantes; *Hon.
Procurador General Benjamin J. Horton* y *R. Cordovés Arana,
Subprocurador*, abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del
tribunal.

Un colector de rentas internas anunció la venta en
pública subasta de cierta finca. Los tenedores de una primera
hipoteca ofrecieron pagar parte de las contribuciones y el co-
lector exigió el pago de toda la suma en descubierto. El gra-
vamen por concepto de contribuciones correspondientes a los
últimos años era superior al gravamen hipotecario. El grava-
men contributivo para los años anteriores estaba subordinado
a la hipoteca. Los acreedores hipotecarios pagaron entonces

toda la suma, pero lo hicieron bajo protesta respecto a la parte de las mismas que comprendía el período anterior. Entonces iniciaron el presente litigio para recobrar la suma pagada bajo protesta. La corte de distrito declaró con lugar una excepción previa a la demanda y los acreedores hipotecarios apelan de una sentencia desestimatoria.

Hemos dicho que el gravamen hipotecario era superior al gravamen contributivo en lo que a las contribuciones pagadas bajo protesta se refería. Podemos agregar, de paso, que tal gravamen, desde luego, debe ser protegido por el Tesorero y en su caso por la corte. El acreedor hipotecario debe tener algún remedio cuando quiera que sus derechos sean invadidos o quizá cuando se amenace con invadir tales derechos. Él quizá tenga varios remedios. De ello no se desprende que un litigio para recobrar parte de las contribuciones del deudor, pagadas bajo protesta por el acreedor hipotecario, sea uno de estos remedios.

La demanda en el presente caso no pone en tela de juicio la validez de la reclamación del gobierno contra el deudor hipotecario. La demandante ni siquiera alega que el colector se negó rotundamente a aceptar el pago de parte de las contribuciones solamente, aunque la tentativa de negarse a aceptar dicho pago puede haber estado envuelta al exigir que se le pagara en su totalidad. La demandante no alega ninguna amenaza por parte del colector de rentas internas al efecto de que trataría de vender los bienes libres de gravámenes, no obstante el pago parcial, si se efectuaba el mismo. Sí alega que los artículos 315 del Código Político; el inciso 5 del artículo 168 y el artículo 218 de la Ley Hipotecaria; y el artículo 1824, inciso primero, del Código Civil (edición de 1902), estaban vigentes en el momento en que se efectuó el pago bajo protesta, y aun lo están. La teoría de la demanda parece ser que si las contribuciones no se hubiesen pagado en su totalidad, el resultado inevitable hubiera sido la venta de los bienes libres de gravámenes. El letrado del apelado no

está de acuerdo con este criterio, ni lo estamos nosotros, si el acreedor hipotecario ejercita sus derechos a debido tiempo.

El artículo 333 del Código Político dispone: "Cualquiera persona que tuviere un gravamen sobre la propiedad de otra, podrá pagar las contribuciones y recargos impuestos sobre dicha propiedad en cualquier tiempo después que éstos hubieren llegado a ser vencidos y no satisfechos, y dichas contribuciones y recargos se acumularán al gravamen y serán reembolsados al tipo de interés especificado en el documento constitutivo del gravamen. . . . ."

Los artículos 1 y 3 de la "Ley disponiendo el pago de contribuciones bajo protesta; estableciendo un procedimiento para autorizar el cobro y devolución de las mismas. . . . ." (Leyes de 1927, pág. 123) leen (el último en parte) como sigue:

"Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará no obstante obligado a pagarla en su totalidad, a requerimiento del colector de rentas internas de su distrito, o del funcionario encargado de la recaudación, y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector, o funcionario recaudador, que consigne su protesta al dorso del recibo indicando específicamente si ésta se refiere al todo o parte de la contribución que ha sido pagada bajo protesta, y precisando el montante de lo impugnado. Dicha nota será firmada por el contribuyente y por el colector o funcionario encargado de la recaudación.

"  *       *       *       *       *       *       *

"Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, dentro del plazo de un año, a partir de la fecha del pago, demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, o en la Corte de Distrito de los Estados Unidos para Puerto Rico, para obtener la devolución de la cantidad protestada. . . . . ."

El contexto de la Sección 1 tiene por miras una creencia anterior al momento de efectuarse el pago, una creencia formada por el "contribuyente" *in esse,* no una creencia sostenida por un "contribuyente" futuro o en perspectiva, que

puede convertirse en tal en un sentido literal y limitado al pagar las contribuciones de un "contribuyente" estatutario que ha incurrido en mora. La creencia de un contribuyente de "que no debe pagar cualquier contribución" equivale a la creencia de que no debe obligársele a pagar una reclamación injusta o infundada que suscita alguna duda sobre la cuestión de responsabilidad. La disposición de que el contribuyente "estará no obstante obligado a pagar" la contribución "en su totalidad, a requerimiento del colector de rentas internas de su distrito," presupone un contribuyente sobre cuya propiedad la contribución ha sido impuesta y no un contribuyente vicario. De lo contrario no habría base para el requerimiento del colector. Por tanto el acreedor hipotecario que paga las contribuciones en descubierto impuestas sobre una finca hipotecada, sin tener tal obligación, no es el contribuyente a que se hace referencia en los artículos 1 y 3, supra.

En resumen, la acción estatutaria para recobrar contribuciones pagadas bajo protesta no puede ser utilizada por un acreedor hipotecario como un remedio para proteger su gravamen superior de los resultados de una posible, amenazada o inminente venta de los bienes hipotecados en cobro de contribuciones, en caso de que tal venta no se efectúe sujeta al gravamen hipotecario.

Las anteriores consideraciones y los hechos arriba reseñados bastarán para distinguir el caso de *White* v. *Hopkins,* 51 F. (2d) 159, en que los apelantes principalmente descansan. *La sentencia apelada debe ser confirmada.*