VICENTE USERA Y SEDA, demandante y apelante, v. MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 6903.—*Sometido:* Marzo 24, 1936. *Resuelto:* Agosto 1, 1936.

A. *Fiol Negrón* y *R. Hernández Matos*, abogados del apelante; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este caso versa sobre devolución de contribuciones pagadas bajo protesta. Se ejercitan cuatro causas de acción, reclamándose en junto $3,639.89 satisfechos por un acreedor hipotecario por contribuciones debidas por la finca hipotecada y por su deudor.

Según resultan de las alegaciones, los hechos, en resumen, son así: Dueña doña Antonia Rieder de cinco fincas rústicas situadas en el término municipal de Ponce, las hipotecó en 1928 a don Vicente Usera para responderle de una suma de $24,000. No satisfizo la deuda y para su cobro instó su acreedor el procedimiento sumario que autoriza la ley fijándose la subasta de las fincas para julio 13, 1933.

Mientras esto sucedía y como tampoco la dueña de las fincas satisficiera las contribuciones al Tesoro y estuviera

adeudando además otras contribuciones, el Tesorero de Puerto Rico siguió contra ella y las fincas un procedimiento de apremio fijándose la subasta para julio 7, 1933.

Ofreció el acreedor hipotecario pagar las contribuciones adeudadas por las fincas por las tres últimas anualidades y la corriente, si se suspendía la subasta administrativa. No accedió el Tesorero y dicho acreedor decidió pagar y pagó el 5 de julio, 1933, todas las contribuciones reclamadas ascendentes a $6,657.51, haciéndolo bajo protesta en cuanto a las sumas de $1,223.67, $1,103.93, $403.73 y $908.56, debidas la primera y la segunda por las fincas por contribuciones correspondientes a los años económicos 1928–29 y 1929–30, la tercera y la cuarta por el deudor por cuotas de indemnizaciones a obreros y contribuciones sobre vehículos y ganado, respectivamente. Y hecho dicho pago en tal forma, inició este pleito en solicitud de su reintegro.

Excepcionó la demanda el demandado y su excepción prevaleció finalmente. Enmendó su demanda el demandante. Solicitó el demandado la eliminación de ciertos particulares de la demanda enmendada y la Corte resolvió de conformidad. Archivada la demanda corregida, la excepcionó otra vez el demandado y la corte consideró bien fundada la excepción y estimando que la demanda no era susceptible de enmienda la declaró sin lugar, registrándose la correspondiente sentencia contra la cual se interpuso el presente recurso de apelación.

Dos errores señala el apelante en su alegato, a saber: el cometido a su juicio por la corte al declarar con lugar la moción eliminatoria del demandado y el cometido al desestimar finalmente la demanda.

No existe el primer error. La eliminación se pidió y decretó porque los hechos nuevos alegados en la demanda enmendada "tienden a cambiar las causas de acción de la demanda original, y por ser materia impertinente, inmaterial e irrelevante a las distintas causas de acción ejercitadas por el demandante."

Éste sostiene que no es así, tendiendo únicamente las nuevas alegaciones a robustecer las esbozadas en la demanda original.

Después de una amplia exposición de los hechos, la cuestión se concreta debidamente por la parte apelada en su alegato así:

"De los párrafos 16 y 17 de la primera y segunda causas de acción aparece que el demandante no sólo impugna las contribuciones a que se refieren dichas causas de acción por no constituir gravámenes preferentes al gravamen hipotecario del demandante sino que por primera vez trata de imputar culpa al demandado por no haber cobrado dichas contribuciones a tiempo así como actos en violación de la ley al desistir del embargo trabado por el Colector de Rentas Internas sobre bienes muebles de la contribuyente.

"Es obvio que estos hechos establecen una nueva causa de acción distinta a la establecida en la demanda original. La acción entablada en su origen iba dirigida contra el Pueblo de Puerto Rico; la que se trata de introducir a virtud de los hechos 16 y 17 antes citados van encaminados personalmente contra el entonces Tesorero de Puerto Rico, Manuel V. Domenech.

"Lo mismo sucede con el párrafo 16 de la tercera y cuarta causas de acción de la demanda."

■ Tampoco existe el segundo y último de los errores señalados. Por más esfuerzos que hace el distinguido abogado de la parte apelante no logra a nuestro juicio distinguir substancialmente este caso del de la *Sucesión Franceschi* v. *Domenech, Tesorero de Puerto Rico,* 47 D.P.R. 471, en el cual esta corte por medio de su Juez Asociado Sr. Hutchison hizo un detenido estudio de la materia y se expresó, en parte, como sigue:

"Un colector de rentas internas anunció la venta en pública subasta de cierta finca. Los tenedores de una primera hipoteca ofrecieron pagar parte de las contribuciones y el colector exigió el pago de toda la suma en descubierto. El gravamen por concepto de contribuciones correspondientes a los últimos años era superior al gravamen hipotecario. El gravamen contributivo para los años anteriores estaba subordinado a la hipoteca. Los acreedores hipotecarios pagaron entonces toda la suma, pero lo hicieron bajo protesta respecto

a la parte de las mismas que comprendía el período anterior. Entonces iniciaron el presente litigio para recobrar la suma pagada bajo protesta. La corte de distrito declaró con lugar una excepción previa a la demanda y los acreedores hipotecarios apelan de una sentencia desestimatoria.

"Hemos dicho que el gravamen hipotecario era superior al gravamen contributivo en lo que a las contribuciones pagadas bajo protesta se refería. Podemos agregar, de paso, que tal gravamen, desde luego, debe ser protegido por el Tesorero y en su caso por la corte. El acreedor hipotecario debe tener algún remedio cuando quiera que sus derechos sean invadidos o quizá cuando se amenace con invadir tales derechos. Él quizá tenga varios remedios. De ello no se desprende que un litigio para recobrar parte de las contribuciones del deudor, pagadas bajo protesta por el acreedor hipotecario, sea uno de estos remedios.

"Los artículos 1 y 3 de la 'Ley disponiendo el pago de contribuciones bajo protesta; estableciendo un procedimiento para autorizar el cobro y devolución de las mismas. . .' (Leyes de 1927, pág. 123) leen (el último en parte) como sigue:

" 'Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará no obstante obligado a pagarla en su totalidad, a requerimiento del colector de rentas internas de su distrito, o del funcionario encargado de la recaudación,. y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector, o funcionario recaudador, que consigne su protesta al dorso del recibo indicando específicamente si ésta se refiere al todo o parte de la contribución que ha sido pagada bajo protesta, y precisando el montante de lo impugnado. Dicha nota será firmada por el contribuyente y por el colector o funcionario encargado de la recaudación.

" 'Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, dentro del plazo de un año, a partir de la fecha del pago, demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, o en la Corte de Distrito de los Estados Unidos para Puerto Rico, para obtener la devolución de la cantidad protestada. . . .'

"El contexto de la Sección 1 tiene por miras una creencia anterior al momento de efectuarse el pago, una creencia formada por el 'contribuyente' *in esse,* no una creencia sostenida por un 'contribu-

586

yente' futuro o en perspectiva, que puede convertirse en tal en un sentido literal y limitado al pagar las contribuciones de un 'contribuyente' estatutario que ha incurrido en mora. La creencia de un contribuyente de ''que no debe pagar cualquier contribución' equivale a la creencia de que no debe obligársele a pagar una reclamación injusta o infundada que suscita alguna duda sobre la cuestión de responsabilidad. La disposición de que el contribuyente 'estará no obstante obligado a pagar' la contribución 'en su totalidad, a requerimiento del colector de rentas internas de su distrito,' presupone un contribuyente sobre cuya propiedad la contribución ha sido impuesta y no un contribuyente vicario. De lo contrario no habría base para el requerimiento del colector. Por tanto el acreedor hipotecario que paga las contribuciones en descubierto impuestas sobre una finca hipotecada, sin tener tal obligación, no es el contribuyente a que se hace referencia en los artículos 1 y 3, supra.

''En resumen, la acción estatutaria para recobrar contribuciones pagadas bajo protesta no puede ser utilizada por un acreedor hipotecario como un remedio para proteger su gravamen superior de los resultados de una posible, amenazada o inminente venta de los bienes hipotecados en cobro de contribuciones, en caso de que tal venta no se efectúe sujeta al gravamen hipotecario.''

Y existiendo como existe esa jurisprudencia, no es necesario indagar más. Aplicada a los hechos de este caso, sostiene por completo la sentencia recurrida, que *debe ser, en tal virtud, confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.